COMMONWEALTH of Pennsylvania, Appellant

v.

Andre NOBLES.

Superior Court of Pennsylvania.

Argued Oct. 30, 2007.
Filed Jan. 17, 2008.

---

Joan Weiner, Asst. Dist. Atty., Philadelphia, for Com., appellant.

---

1. Nobles argues that he was surprised that the site would not be disclosed because Officer Allen originally said the location was not confidential at the preliminary hearing.

Daniel P. Alva, Philadelphia, for appellee.

BEFORE: KLEIN, GANTMAN, JJ. and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

¶ 1 The Commonwealth appeals from the trial court determination requiring it to reveal the location from which an officer made his observations of Nobles's alleged drug transaction.

¶ 2 The Commonwealth raises two grounds for reversal. It says that because Nobles did not ask the Commonwealth to reveal the confidential location in a pretrial motion, this right is waived. However, because the Commonwealth did not allege this in its Rule 1925(b) statement, the *Commonwealth* waived raising this issue.

¶ 3 Secondly, the Commonwealth claims that Nobles did not demonstrate the need to ascertain the exact location of the observation point. We agree with the Commonwealth on this point, and therefore reverse and remand for trial and direct the trial judge to allow the Commonwealth to maintain the confidentiality of the exact location of the officer's observation point.

**1. The Commonwealth did not raise the issue of failing to file a pretrial motion to compel the disclosure of the confidential location.**

¶ 4 While we would generally sustain the Commonwealth's objection on the grounds that Nobles did not file a pre-trial motion to reveal the confidential location but raised it in the middle of trial,[1] this

However, the preliminary hearing court sustained the Commonwealth's objection in regards to revealing the exact location because the officer also stated he did not want to

was not in the Commonwealth's Pa.R.A.P. 1925(b) statement and therefore is waived. *See* Pa.R.A.P. 1925(b)(4)(viii).

¶ 5 Although the trial court did not request a Pa.R.A.P. 1925(b) statement, one was filed by the Commonwealth and once it is filed there is no need for the Court to request it. To sustain the Commonwealth's objection would encourage "sand bagging" by counsel if they are allowed to quickly file a Rule 1925(b) statement and then claim that nothing is waived because the Rule 1925(b) statement was not in response to a formal request. In *Commonwealth v. Snyder*, 870 A.2d 336 (Pa.Super.2005) this Court explained:

> It is of no moment that appellant was not ordered to file a 1925(b) statement. Appellant filed his statement contemporaneously with his notice of appeal. Accordingly, there was no need for the trial court to order him to file a 1925(b) statement. If we were to find that because he was not ordered to file a 1925(b) statement, he has not waived the issues he neglected to raise in it, we would, in effect, be allowing appellant to circumvent the requirements of the Rule. In so holding, we are also mindful of the purpose of Rule 1925.

*Id.* at 341.

¶ 6 While it would be possible for the trial court to file a formal request for a 1925(b) statement even after one has been filed by an appellant on his or her own, we will not require the trial courts to do this.

**2. There is no need for the Commonwealth to reveal the location of the officer's observations.**

¶ 7 At both the preliminary hearing and at trial Officer Allen testified that he was

standing on a rooftop of a line of rowhouses and observed drug transactions at two nearby locations without binoculars in an area well lit by street lights. He said he was 40 to 45 feet away from the drug stash and from where the transactions took place. Officer Allen stated that he observed the defendant, Andre Nobles, initially in the company of two other men, Lawan Priolau and Timothy Sizer. A woman later identified as Anita Grasty approached Nobles and gave him money. Nobles went to the porch of 735 East Locust Street, reached under a carpet, retrieved a clear plastic bag, took baggies from them and gave them to Grasty. Grasty then approached Priolau and gave him cash and he retrieved some baggies from under the porch of 5544 Crowson Street. Officer Allen notified his backup officers to stop Grasty, who was apprehended moments later in the possession of drugs. Officer Allen described another transaction in which he saw Sizer, standing near Nobles, receive cash from an unidentified male and then go to the porch of 5544 Crowson Street and return with some baggies. Following these transactions Priolau, Sizer and Nobles were stopped, and drugs were found at both the East Locust and Crowson Street locations.

¶ 8 Officer Allen testified to the above facts at Nobles's preliminary hearing on January 14, 2004. He did not reveal the exact location of the surveillance site but stated that he was above ground level and he was on foot and not in a car. Officer Allen asserted that this was not a confidential location, but also stated that he did not want to give his precise location because it would risk further investigations

---

testify as to where he was because it might risk future investigations. Therefore, we well might say that Nobles should have filed a pretrial motion, except for the fact that the Commonwealth waived this issue for failing to

include it in its Rule 1925(b) statement. *See* Pa.R.Crim.P. 579 (pretrial motions shall be filed within 30 days after arraignment, unless counsel was not aware of grounds for motion).

of that block. (Preliminary Hearing, 1/14/04, at 17.) The trial court allowed Officer Allen to protect the specific location of the surveillance site and stated that it was sufficient that Officer Allen had stated how far away he was from Nobles. (*Id.* at 18.)

¶ 9 At trial on April 18, 2006, the Commonwealth claimed that although the rooftop is in public view, to reveal the exact roof could endanger the owner of the property as well as officers who use the location for future surveillance. The Commonwealth maintained that the location was still being used. The Commonwealth further contends that once the officer had access to the roof of one rowhouse, he could move about on the other roofs. The Assistant District Attorney was prepared to say that he was not on the rooftop of East Church Lane properties, but on one of three rooftops: (a) the east side of Crowson; (b) the west side of Crowson; or (c) across the street on Locust in homes that include 735 East Locust. From the maps, the Commonwealth contends that it is obvious that from any of those three rooftops, the officer could move to a point near the corner of Crowson and East Locust and see both locations in question.

¶ 10 "Whenever the Commonwealth asserts that a surveillance location is confidential, the defendant bears the initial burden of demonstrating that disclosure is necessary to conduct his defense. The Commonwealth would then have to come forward and explain the reasons why confidentiality must be preserved." *Commonwealth v. Clark,* 746 A.2d 1128, 1135 (Pa.Super.2000). Additionally, a defendant must make a specific claim of necessity for disclosure of the precise location. "As [this Court] observed, '[a] defendant cannot rely solely on a claim that he was denied the opportunity to effectively cross-examine the officer.'" *Commonwealth v.*

*Rodriquez,* 543 Pa. 651, 674 A.2d 225, 229 (1996). In *Rodriquez,* the defendant argued that the confidential location should be disclosed in order to effectively defend against the charges. Our Supreme Court disagreed, stating,

> Defense counsel was aware at a pretrial discovery hearing that the officer's surveillance location was one hundred feet north of [the intersection in question] and that he was approximately ten to twenty feet above street level.... It was also elicited that people were playing basketball on a court adjacent to a vacant lot on the northeast corner of [the street] and that these people were between [the officer's] surveillance and the place where the buyer's car was parked on [the street].... It is apparent from a review of this cross-examination that defense counsel had deduced the approximate location of the confidential surveillance site and was able to conduct an effective cross-examination with that information. Accordingly, we must agree with the Superior Court that [the defendant] has failed to meet his burden of explaining how a more detailed disclosure of the confidential surveillance location would have been necessary to his defense.

*Id.* at 230.

¶ 11 Instantly, we agree with the Commonwealth that the officer could get to the corner and have an unobstructed view of both locations from any of the three banks of rowhouses. Therefore, no matter which specific house he used to access the roof, the officer could move and have a clear view. This means that the defense did not establish that its cross examination would be benefited by specifying the particular roof the officer first used. *Rodriquez, supra.* Moreover, we agree with the Commonwealth that to reveal which of the three rooftops the officer was on could

jeopardize the safety of the person who gave access to the rooftops and officers who use the location for future investigations. *Clark, supra.*

¶ 12 Order reversed. Matter remanded for trial. Trial court is directed to allow the Commonwealth to decline to reveal which roof of the three named rowhouses the officer was on when he made his observations.