J-S70028-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYUAN SIMON, | : | |
| | : | |
| Appellant | : | No. 1161 EDA 2014 |

Appeal from the Judgment of Sentence Entered September 20, 2013
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0007840-2012

BEFORE: LAZARUS, MUNDY, and STRASSBURGER,* JJ.

**FILED DECEMBER 12, 2014**

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

I join the Majority Memorandum. I write separately because the Majority has identified a conflict in Superior Court case law. Majority Memorandum at 9 n.6.

I, like the Majority, agree with the cases which hold that, if an appellant *sua sponte* files a Pa.R.A.P. 1925(b) statement, then the appellant only preserves the issues raised therein for appeal. ***See***, ***e.g.***, ***Commonwealth v. Nobles***, 941 A.2d 50, 52 (Pa. Super. 2008). However, in conflict with these cases is ***Commonwealth v. Antidormi***, 84 A.3d 736, 735, 745 n.7 (Pa. Super. 2014), which concludes that the requirements of Pa.R.A.P. 1925(b) are not invoked when a trial court has not ordered an appellant to file a 1925(b) statement, but the appellant nonetheless files such a statement. In my view, this Court should review this issue *en banc* in

---

* Retired Senior Judge assigned to the Superior Court.

order to resolve this conflict in the law. *See Commonwealth v. Robinson*, 931 A.2d 15, 19 (Pa. Super. 2007) (*en banc*) ("One function of *en banc* review is to harmonize or overrule prior precedent if necessary.").

Judge Lazarus joins this concurring memorandum.