J-S66005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JERON BROWN | : | |
| | : | |
| Appellee | : | No. 3979 EDA 2017 |

Appeal from the Order November 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010133-2016

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JANUARY 11, 2019**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted the motion of Appellee, Jeron Brown, to reveal the confidential location of police officers. We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On August 5, 2016, the Commonwealth charged Appellee with possession with intent to deliver and possession of a controlled substance, after police observed Appellee make three drug transactions. On October 25, 2017, Appellee filed a motion to reveal the confidential location of the police officers. The court held a hearing on November 15, 2017.

> During [the hearing], Commonwealth witness, Police Officer Charles Harron, testified that on August 4, [2016], at approximately 8:20 p.m., he and Officer Seigafuse conducted a plainclothes surveillance of 1209 West Hilton

Street. According to Officer Harron, he was within one hundred (100) feet of [Appellee] and had a mostly frontal and unobstructed view of [Appellee] as [Officer Harron] observed [Appellee] make three (3) alleged drug transactions from the doorway of 1209 West Hilton Street. Officer Harron made these observations with the assistance of binoculars. During this time, Officer Harron testified that he never lost sight of [Appellee] until [he] retreated into the home. According to Officer Harron, after he observed the alleged transactions, he ordered backup officers to arrest [Appellee]. Officers chased [Appellee] through the home and [he] was arrested by Sergeant [Shabazz] approximately two (2) blocks away at a pizza shop.

According to Officer Harron, he did not have information regarding drug sales at 1209 West Hilton Street prior to setting up his surveillance. Moreover, this was the first time Officer Harron conducted a surveillance from this location. Officer Harron testified that he has not used this confidential location since this surveillance nor is he aware if other officers have used this location[;] however, the location is still available for use by narcotics officers. Officer Harron testified that surveillance locations are used to obtain better vantage points during surveillances and if those confidential locations were exposed, it would severely hamper their ability to conduct investigations.

Trial Court Opinion, filed February 28, 2018, at 1-2 (internal citations omitted). After the hearing, the court granted Appellee's motion to reveal the location of the police officers. The Commonwealth filed a timely notice of appeal, per Pa.R.A.P. 313, and a voluntary statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on December 13, 2017.

The Commonwealth raises the following issue for our review:

WHETHER THIS COURT SHOULD ACCEPT THE TRIAL COURT'S REQUEST TO REVERSE ITS ERRONEOUS ORDER GRANTING [APPELLEE'S] MOTION TO REVEAL THE LOCATION OF A CONFIDENTIAL SURVEILLANCE LOCATION OF A NARCOTICS OFFICER[?]

(Commonwealth's Brief at 6).

As a prefatory matter, we must determine whether the appeal is properly before us. Appellee has not raised a question regarding our jurisdiction over the trial court's interlocutory order, however, we may raise the issue of jurisdiction *sua sponte*. ***Commonwealth v. Blystone***, 632 Pa. 260, 269, 119 A.3d 306, 311 (2015). "An appeal may be taken as of right from a collateral order of [a]…lower court." Pa.R.A.P. 313(a). "A collateral order is an order [1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

"[A]n order is 'separable' from the main cause of action if it is capable of review without consideration of the main issue in the case." ***Commonwealth v. Minich***, 4 A.3d 1063, 1067 (Pa.Super. 2010). An issue is too important to be denied review if "the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." ***Commonwealth v. Williams***, 624 Pa. 405, 423-424, 86 A.3d 771, 782 (2014). Importance of the issue only to the particular parties involved will not satisfy the second prong. ***Id.***

Instantly, this order is separable from the main issue because it does not require consideration of the crimes charged against Appellee. ***See Minich, supra***. The second and third prongs are met because the interests

of the Commonwealth would go unprotected if the confidential surveillance location were revealed at this stage, and once revealed, the confidentiality of the surveillance location is irreparably lost. **See** Pa.R.A.P. 313(b); **Williams, supra**. Thus, this appeal is properly before us.

The Commonwealth argues Appellee did not show a specific necessity that required disclosure of the precise location of the surveillance post, but instead vaguely asserted disclosure was required in order to have a full and fair opportunity to cross-examine Officer Harron. The Commonwealth avers Appellee's counsel had the opportunity to cross-examine Detective Harron about the surveillance location and gained sufficient information about the accuracy and reliability of his observations. The Commonwealth contends the continued use of the surveillance location makes its disclosure a risk to the safety of the police and civilians who use it. The Commonwealth concludes that these reasons, along with the trial court's request for this Court to reverse its order that required disclosure of the surveillance location, require us to reverse and remand for further proceedings. We agree.

With respect to evidentiary rulings, a trial court's decision will not be disturbed absent an abuse of discretion. **Commonwealth v. Einhorn**, 911 A.2d 960 (Pa.Super. 2006), *appeal denied*, 591 Pa. 723, 920 A.2d 831 (2007). "The trial court abuses its discretion if it misapplies the law or [rules] in a manner lacking reason." **Id.** at 967 (internal quotation marks omitted).

"[T]he disclosure of a confidential surveillance site is governed by Rule

[573(B)(2)] of the Pennsylvania Rules of Criminal Procedure." ***Commonwealth v. Rodriquez***, 543 Pa. 651, 658, 674 A.2d 225, 229 (1996). Rule 573(B)(2) provides, in pertinent part:

**Rule 573.     Pretrial Discovery and Inspection**

\* \* \*

**(B)   Disclosure by the Commonwealth.**

\* \* \*

(2)   *Discretionary With the Court*.

(a)   In all court cases…**if the defendant files a motion for pretrial discovery**, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

\* \* \*

(iv)   any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

Pa.R.Crim.P. 573(B)(2)(a)(iv) (emphasis added).

"Whenever the Commonwealth asserts that a surveillance location is confidential, the defendant bears the initial burden of demonstrating that disclosure is necessary to conduct his defense.  The Commonwealth would then have to come forward and explain the reasons why confidentiality must be preserved."  ***Commonwealth v. Nobles***, 941 A.2d 50, 53 (Pa.Super. 2008) (quoting ***Commonwealth v. Clark***, 746 A.2d 1128, 1135 (Pa.Super.

- 5 -

2000), *appeal denied*, 564 Pa. 702, 764 A.2d 1064 (2000)).

> Additionally, a defendant must make a specific claim of necessity for disclosure of the precise location. "As [this Court] observed, [a] defendant cannot rely solely on a claim that he was denied the opportunity to effectively cross-examine the officer."

*Nobles, supra* at 53 (quoting *Rodriquez, supra* at 658, 674 A.2d at 229).

Instantly, police in a confidential surveillance location observed Appellee make three drug transactions from his porch, and subsequently arrested him. Appellee filed a motion to reveal the confidential surveillance location, which the court granted after a hearing. In its opinion, the trial court has asked us to reverse its order granting disclosure and reasoned as follows:

> Upon review, it is clear that [Appellee] conducted a thorough and effective cross examination of Officer Harron and was able to retrieve the approximate location of the confidential location as well as the viewpoint Officer Harron maintained of [Appellee] during the surveillance. [The c]ourt recognizes that [Appellee] has failed to meet his burden of explaining how a more detailed disclosure of the confidential surveillance location would have been necessary to his defense.

(Trial Court Opinion at 3). We agree with the trial court's rationale. *See Rodriquez, supra*; *Nobles, supra*.

In his pre-trial motion and during the hearing, Appellee baldly asserted that disclosure of the confidential surveillance location was necessary to conduct a full and fair cross-examination, which is alone insufficient to compel disclosure. *See id.* Officer Harron testified that the location is still available for surveillance use and its disclosure would severely hamper any future

- 6 -

investigations. ***Id.*** Moreover, Appellee's cross-examination of Officer Harron revealed enough information to question effectively the accuracy of his observations. Therefore, as the trial court concedes, it erred when it granted Appellee's motion to reveal the confidential surveillance location. ***See Einhorn, supra***. Accordingly, we reverse and remand for further proceedings.

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/19