J-A15035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.J.C, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.J.C., A MINOR | : | No. 3513 EDA 2019 |

Appeal from the Dispositional Order Entered August 30, 2019
In the Court of Common Pleas of Monroe County
Juvenile Division at No(s): CP-45-JV-0000092-2019

BEFORE: LAZARUS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.: **FILED SEPTEMBER 15, 2020**

Appellant, C.J.C., a minor, appeals from the dispositional order entered in the Monroe County Court of Common Pleas, Juvenile Division, following his adjudications of delinquency for rape, involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault without consent, aggravated indecent assault by forcible compulsion, indecent assault without consent, indecent assault by forcible compulsion, sexual assault, and false imprisonment of a minor.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On April 29, 2019, Appellant raped and sexually assaulted A.T., a minor. At the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(a)(1); 3123(a)(1); 3125(a)(1); 3125(a)(2); 3126(a)(1); 3126(a)(2); 3124.1; and 2903(b), respectively.

time, Appellant was approximately 16 years old. Following a hearing on August 12, 2019, the court adjudicated Appellant delinquent of the aforementioned offenses. On August 30, 2019, the court entered a dispositional order placing Appellant in a residential facility and requiring him to pay fees, costs, and restitution.

Appellant timely filed a post-dispositional motion on September 8, 2019. On October 4, 2019, the court conducted a hearing on Appellant's motion and granted Appellant's request for a 30-day extension of time for the court to dispose of the motion. The court denied Appellant's post-dispositional motion on November 6, 2019. On December 5, 2019, Appellant filed a timely notice of appeal[2] and a voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> Whether Pennsylvania's Criminal History…Record Information Act ("CHRIA") Pa.C.S.[A.] § 9123[](a.1) "Exceptions" to expungement violate Pa. Const. Art. I, § 1 and Article I § 11 by imposing a lifetime non-expungable conviction upon a juvenile/adult's reputation[?]
>
> Whether 18 Pa.C.S.[A.] § 9123(a.1) is inherently unconstitutional given the holding of our Supreme Court in [*In re*] *J.B.*, 630 Pa. 408, 107 A.3d 1 (2014) by creating an irrebuttable presumption of guilt over a perpetrator's

---

[2] *See* Pa.R.J.C.P. 620(B)(1), (2) (stating if post-dispositional motion is filed, it shall be filed within 10 days of date of entry of dispositional order; if timely post-dispositional motion is filed, notice of appeal shall be filed within 30 days of date of entry of post-dispositional order deciding motion); (D)(2) (stating upon motion of party and good cause shown, prior to expiration of 30-day decision period, judge may grant one 30-day extension to decide motion).

lifetime in derivation of the stated purpose of juvenile law to rehabilitate the minor child[?]

Whether 18 Pa.C.S.[A.] § 9123[](a.1) violates the 6th Amendment of the U.S. Constitution because it imposes a criminal lifetime sanction in juvenile court in derivation of a person's right to trial by jury[?]

(Appellant's Brief at 6-7).

In his issues combined, Appellant argues Section 9123(a.1) of CHRIA is unconstitutional. Appellant suggests his inability to expunge his juvenile record per Section 9123(a.1) is similar to lifetime registration under the Sexual Offender Registration and Notification Act ("SORNA") as applied to juveniles. Appellant asserts Section 9123(a.1) creates an irrebuttable presumption that he is incapable of rehabilitation, vitiating his right to reputation. Appellant avers Section 9123(a.1) deprives him of an opportunity to restore his reputation, in violation of his rights to due process and a jury trial. Appellant adds that his virtual lifetime juvenile record precludes him from legally possessing a firearm. Appellant concludes this Court should deem Section 9123(a.1) of CHRIA unconstitutional. We disagree.

As a preliminary matter, "[i]ssues not raised in the [juvenile] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). **See also In Interest of M.W.**, 194 A.3d 1094, 1099 n.2 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 202 A.3d 687 (2019). Additionally, issues not raised in a Rule 1925(b) concise statement of errors will be deemed waived. **Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005).

*See also In re D.M.*, 556 Pa. 160, 162 n.1, 727 A.2d 556, 557 n.1 (1999). Where the court does not order an appellant to file a Rule 1925(b) statement, and an appellant files one on his own accord, he is limited on appeal to raising only those issues he presented in his voluntary Rule 1925(b) statement. *Commonwealth v. Nobles*, 941 A.2d 50 (Pa.Super. 2008).

Here, Appellant raises for the first time on appeal arguments concerning: (1) inexpugnability of his juvenile record barring him from ever legally possessing a firearm, thus eliminating some future employment opportunities; and (2) his right to a trial by jury. Appellant also failed to include his assertion concerning gun possession in his Rule 1925(b) statement. Therefore, Appellant's claims regarding possession of firearms and jury trial rights are waived, and we give them no further attention. *See Castillo, supra*; Pa.R.A.P. 302(a). *See also Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa.Super. 2013) (*en banc*), *appeal denied*, 626 Pa. 684, 95 A.3d 277 (2014) (explaining that constitutional claims can be waived).

Claims that a statute is unconstitutional implicate the following principles:

> When an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law. Our consideration of questions of law is plenary. A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion.

*Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa.Super. 2004) (internal

- 4 -

citations omitted). "While the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, any restriction is subject to judicial review to protect the constitutional rights of all citizens." *In re J.B., supra* at 429, 107 A.3d at 14.

Section 9123 of the CHRIA provides in relevant part as follows:

**§ 9123. Juvenile records**

**(a) Expungement of juvenile records.**— Notwithstanding the provisions of section 9105 (relating to other criminal justice information) and except as provided under subsection (a.1), expungement of records of juvenile delinquency cases and cases involving summary offenses committed while the individual was under 18 years of age, wherever kept or retained, shall occur after 30 days' notice to the district attorney whenever the court upon its own motion or upon the motion of a child or the parents or guardian finds:

\* \* \*

**(a.1) Exceptions.**—Subsection (a) shall not apply if any of the following apply:

(1) The individual meets all of the following:

(i) Was 14 years of age or older at the time the individual committed an offense which, if committed by an adult, would be classified as:

(A) An offense under section 3121 (relating to rape), 3123 (relating to [IDSI]) or 3125 (relating to aggravated indecent assault).

\* \* \*

(ii) Was adjudicated delinquent for the offense under subparagraph (i).

18 Pa.C.S.A. § 9123(a), (a.1)(1)(i)(A), (1)(ii).

Article I of the Pennsylvania Constitution establishes the fundamental right to reputation:

**§ 1.  Inherent rights of mankind**

All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. Art. I § 1.

**§ 11.  Courts to be open; suits against the Commonwealth**

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.  Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. Art. I § 11.

"[I]rrebuttable presumptions are violative of due process where the presumption is deemed not universally true and a reasonable alternative means of ascertaining that presumed fact are available."  ***In re J.B., supra*** at 430, 107 A.3d at 14-15 (internal citations and quotation marks omitted). "[T]he essential requisites of due process are notice and meaningful opportunity to be heard[;] a hearing which excludes consideration of an element essential to the relevant decision does not comport with due process." ***Id.*** at 430, 107 A.3d at 15 (internal citations and quotation marks omitted). When applying the irrebuttable presumption doctrine, courts consider whether

the challenging party asserted "an interest protected by the due process clause that is encroached by an irrebuttable presumption, whether the presumption is not universally true, and whether a reasonable alternative means exists for ascertaining the presumed fact." *Id.* at 432, 107 A.3d at 15-16) (employing irrebuttable presumption doctrine to hold lifetime SORNA registration for juvenile sexual offenders created irrebuttable presumption of juvenile offenders' inability to rehabilitate, which impinged upon their right to reputation; SORNA is premised upon presumption that all sexual offenders pose high risk of recidivating and provides no opportunity to challenge that presumption; presumption that juvenile sexual offenders are likely to commit additional sexual offenses is not universally true; reasonable means exist to determine if juvenile sexual offender is likely to recidivate).

Instantly, Appellant sexually abused A.T. in April 2019, when Appellant was approximately 16 years old. In August 2019, the court adjudicated Appellant delinquent for, *inter alia*, rape, IDSI, and aggravated indecent assault. As applied to Appellant, Section 9123(a.1) of CHRIA bars expungement of his juvenile record related to the April 2019 offenses, because he was older than 14 when he committed rape, IDSI, and aggravated indecent assault and the court adjudicated him delinquent of those offenses. *See* 18 Pa.C.S.A. § 9123(a.1)(1)(i)(A), (1)(ii).

Although Appellant insists Section 9123(a.1) of CHRIA violates his right to reputation upon application of the irrebuttable presumption doctrine, he

merely summarizes the Supreme Court's holding in **In re J.B.** regarding the unconstitutionality of lifetime SORNA registration for juvenile sexual offenders and asks this Court to apply the rationale in **In re J.B.** to his inability to expunge his record. Appellant, however, does not illustrate how **In re J.B.** pertains to his juvenile record, and only vaguely suggests his inexpungible juvenile record is commensurate with juvenile sexual offenders' life-long SORNA registration.

As well, Appellant fails to explain how the statutory prohibition on expungement of his juvenile record communicates that he is incapable of rehabilitation. Significantly, whereas the **In re J.B.** Court relied heavily on the purposes and legislative findings of SORNA to determine it is grounded upon a presumption of incorrigibility, Appellant makes no reference to the goals of CHRIA. **See In re J.B., supra**. Rather, Appellant baldly asserts that Section 9123(a.1) of CHRIA creates an irrebuttable presumption that juveniles adjudicated delinquent of rape, IDSI, or aggravated assault are unable to reform. Thus, Appellant fails to present adequate argument regarding the protected interest prong of the irrebuttable presumption doctrine. **See Commonwealth v. Tha**, 64 A.3d 704 (Pa.Super. 2013) (explaining arguments which are not appropriately developed are waived); **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2008) (stating: "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief

must support the claims with pertinent discussion….”); Pa.R.A.P. 2119(a).

Further, Appellant fails to address the second and third prongs of the irrebuttable presumption doctrine. Appellant includes no representations regarding the universality of the presumption that juveniles who have been adjudicated delinquent of certain sexual offenses cannot rehabilitate. He likewise suggests no alternative mechanisms to determine if juveniles adjudicated delinquent of rape, IDSI, or aggravated indecent assault are incapable of reform. Thus, Appellant's claim that Section 9123(a.1) creates an irrebuttable presumption of the inability to rehabilitate violating his right to reputation, is not adequately developed on appeal. **See Tha, supra**; **Hardy, supra**. **See also Watley, supra**. Accordingly, Appellant's constitutional challenge to Section 9123(a.1) of CHRIA merits no relief, and we affirm. **See Howe, supra**.

Dispositional order affirmed.

Judge Lazarus concurs in the result.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2020