J-A10023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL THOMAS VENTRONE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY HUNDT VENTRONE | : | No. 1874 EDA 2020 |

Appeal from the Order Entered August 11, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2016-14439

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED:  MAY 3, 2021**

Appellant, Michael Thomas Ventrone, appeals *pro se* from the order entered on August 11, 2020, which granted the amended petition for contempt filed by Ashley Hundt Ventrone (hereinafter "Petitioner").  We affirm.

The trial court ably summarized the underlying facts of this case:

> The divorced parties are subject to a Marital Settlement Agreement ("MSA") dated December 22, 2016.[fn.1]  In Paragraph 12(B) of the MSA, the parties agreed that in the event a sale of their marital residence did not satisfy a $415,000.00 obligation to the Trust Under Will of Shelia W. Hundt ("Trust"),[fn.2] [Appellant] would be responsible for 37.5 percent of the deficiency, with [Petitioner] responsible for the remainder.  [Appellant] further obligated himself, in the event of a deficiency, to make monthly payments of not less than $1,225.00 to the Trust until his percentage of the repayment is satisfied. The MSA further provides in Paragraph 12(A) that [] either party utilizing the line of credit

---

[*] Retired Senior Judge assigned to the Superior Court.

on the marital residence shall notify the other of the expense being paid.

[fn.1] The MSA was incorporated into the parties' March 1, 2017, divorce decree.

[fn.2] Petitioner is the beneficiary of the Trust.

Relevant to the instant matter, [Petitioner] filed a prior petition for contempt on September 9, 2019. In particular, [Petitioner] alleged that, following the sale of the marital residence, [Appellant] had an obligation under the MSA to repay the Trust $116,138.08, at the rate of $1,225.00 per month. She alleged, *inter alia*, he had not made the required monthly payments. The parties ultimately entered into an agreed order dated October 4, 2019. The agreed order states:

1. [Appellant] acknowledges that he is in contempt of the order of June 18, 2018, in that he failed to make the payments required by paragraph [12(B)] of the marital settlement agreement.

2. [Appellant] shall pay arrears in the amount of $12,250.00 as of October 5, 2019, at the rate of $775.00 per month on the 5th of each month commencing on November 5, 2019 until the above arrears are paid in full.

3. [Appellant] shall pay the regularly scheduled payments as provided in the June 18, 2018 divorce decree order incorporating the parties' December 22, 2016 marital settlement agreement in addition to the amounts specified in paragraph 2 above.

4. [Appellant] shall pay attorney's fees in the amount of $2,500.00 . . . at the rate of $500.00 a month commencing December 1, 2019 until the total amount is paid in full.

5. [Appellant] agrees to withdraw the Orphan's Court action filed in Chester County Orphan's Court as it relates to the trust for the benefit of Ashley Hundt under the will of Shelia Hundt within 10 days of this Order.

[Trial Court Order, 10/4/19, at 1].

Petitioner filed the instant petition for contempt on March 2, 2020, which she amended on April 16, 2020 ("amended petition"). The amended petition alleged in Count I that [Appellant] was in contempt of the MSA and prior court orders by failing to make required payments to the Trust and to pay court ordered attorneys' fees.[fn.3] Petitioner alleged in Count II that [Appellant] had violated the MSA by accessing $6,644.51 in funds from a home equity line of credit without giving her notice. She alleged in Count III that [Appellant] was in contempt of the Order of October 4, 2019, by filing a new Orphan's Court action in Chester County.[fn.4] Count IV of the amended petition alleged a claim for abuse of process against [Appellant] and requested that he be ordered to pay $5,000.00, to be held in abeyance pending his compliance with his obligations. Lastly, [Petitioner] sought an increased award of attorneys' fees.

> [fn.3] In orders dated October 4, 2019, and October 21, 2019, [Appellant] had been ordered to pay attorneys' fees totaling $4,500.00

> [fn.4] [Appellant] withdrew the prior Orphan's Court action in accordance with the agreed order of October 4, 2019.

The amended petition proceeded to a hearing before the [trial court] on August 11, 2020. At the conclusion of that hearing, [the trial] court issued an order finding [Appellant] in contempt of the order of October 4, 2019, and stating that he is responsible for repaying $113,913.28 to the Trust, payable according to the schedule provided for in the MSA. [The trial] court also found [Appellant] in contempt of the MSA by having withdrawn $6,644.51 from the parties' home equity line of credit, and ordered him to repay the Trust that amount through monthly installments. [The trial] court further ordered [Appellant] to pay the previously ordered attorneys' fees of $4,500[.00] on or before December 1, 2020, and to complete 120 hours of community service, commencing September 1, 2020, with proof of participation provided to the Domestic Relations Office ("DRO") caseworker assigned to this matter.

Trial Court Opinion, 10/16/20, at 1-4 (some capitalization and footnotes omitted).

As the trial court notes, "[Appellant] attempted to file a [timely] notice of appeal . . . by placing [the notice of appeal] in the prothonotary's drop box on September 10, 2020." *Id.* at 5 (some capitalization omitted); *see also First Union Nat'l Bank v. F.A. Realty Investors Corp.*, 812 A.2d 719, 723 (Pa. Super. 2002) ("an appeal will not be rendered automatically invalid by an Appellant's initial failure to comply with the financial obligations of Pa.R.A.P. 905 and Pa.R.A.P. 2701. An appeal filed within the allowed time period without the requisite fee will still be considered valid") (emphasis omitted).

Within Appellant's notice of appeal, Appellant declared that he wished to raise the following claims on appeal:

> [1.] During short list[,] I was refused the ability to have witnesses. Since this was regarding financial considerations of a previous agreement a financial expert was needed.
>
> [2.] [A] calendar invitation to review guidelines with [the trial court] was sent as verbiage within an email, rather than an actual invitation. I did not see the date/time of this call until after the call itself. Rather than reschedule the call his secretary informed me that I should pay attention to my email for important information, which never arrived. This caused me to miss the date for the paperwork to be submitted to the judge for the hearing. I was also refused a continuance to gather pertinent information to the case, which I have enclosed for your review.
>
> [3.] The order also includes community service, which domestic relations states they do not coordinate. I have a fiancée with underlying conditions (asthma, along with being hospitalized for pneumonia previously) of Covid-19, which would put her in [harms] way, making this excessive.

Appellant's Notice of Appeal, dated 9/10/20, at 12.

Within Appellant's brief, Appellant raises the following claims:

> Situs and jurisdiction for the "trust" is in Chester County. [The trial courts] in Montgomery County [did not have] the right to rule on a trust located in Chester Count[y]. Exhibit D, Title 20 – PA General Assembly 722 Venue of trust estates is provided, along with a ruling from Master Harris, Exhibit E, Page 30 Line 5, indicating that Family Court does not have jurisdiction and [Petitioner] and her council are directed to go to Orphans Court. In addition [Petitioner's] council had no right to negotiate on behalf of this trust since authorization of both trustees was lacking.

Appellant's Brief at 4-5 (some capitalization omitted).

Appellant did not raise any of the above claims in his statement of errors complained of on appeal. Therefore, Appellant's claims on appeal are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [concise statement of errors complained of on appeal] . . . are waived"); *Commonwealth v. Nobles*, 941 A.2d 50, (Pa. Super. 2008) ("[i]t is of no moment that appellant was not ordered to file a 1925(b) statement. Appellant filed his statement contemporaneously with his notice of appeal. Accordingly, there was no need for the trial court to order him to file a 1925(b) statement. If we were to find that because he was not ordered to file a 1925(b) statement, he has not waived the issues he neglected to raise in it, we would, in effect, be allowing appellant to circumvent the requirements of the Rule"). Further, Appellant failed to support his appellate argument with any relevant discussion, citation to the law, or legal argument. Thus, for this independent reason, Appellant's claims on appeal are waived. *Commonwealth v. Miller*,

721 A.2d 1121, 1124 ("[w]e decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof") (quotations and citations omitted).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/21