J-S09010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA ROY MOSES | : | |
| | : | |
| Appellant | : | No. 1067 EDA 2020 |

Appeal from the PCRA Order Entered March 3, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001275-2012

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MAY 17, 2021**

Appellant, Joshua Roy Moses, appeals *pro se* from the order entered on March 3, 2020, which dismissed his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We previously summarized the underlying facts of this case:

> On November 17, 2011, Appellant was arrested during the execution of a search warrant at an apartment rented by Angel Morales . . . in Philadelphia. While police officers were searching the apartment, they observed Appellant stepping away from an open window. On the ground outside the window, the officers discovered several bags of crack cocaine, marijuana, and oxycodone along with a broken plate, a razor blade[,] and a cell phone. Appellant was charged with [possession of a controlled substance with the intent to deliver ("PWID")] and other drug-related offenses.
>
> Appellant moved to suppress the evidence seized during the execution of the warrant. On April 28, 2015, the trial court denied Appellant's suppression motion, and the case immediately proceeded to a jury trial against Appellant and two co-defendants, Morales and Glen Harvill. On May 1,

2015, the jury found Appellant guilty of PWID and possession of drug paraphernalia.

*Commonwealth v. Moses*, 190 A.3d 753 (Pa. Super. 2018) (unpublished memorandum) at 1-2, *appeal denied*, 196 A.3d 204 (Pa. 2018).

On August 19, 2015, the trial court sentenced Appellant to serve six to 12 years in prison for his convictions. We affirmed Appellant's judgment of sentence on April 30, 2018 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on October 18, 2018. *See id.*

Appellant filed a timely, *pro se* PCRA petition on November 23, 2018. Appellant raised the following claims in his *pro se* petition:

1. "Counsel was ineffective for failing to seek a plea offer or communicate what was being offered;"

2. "Trial counsel was ineffective for failing to conduct a reasonable pre-trial investigation, seek discovery, [and] interview defense witnesses;"

3. "Trial counsel rendered ineffective assistance for failing to object at sentencing to false information used by the court that was not included in any pre-sentence investigation report;"

4) "That the 6111 charge was dismissed at the preliminary hearing, but counsel did not file a motion to exclude that information from [Appellant's] trial;"

5) "That [Appellant] did in fact live in the residence as both codefendants testified to at trial;"

6) "That trial counsel filed an omnibus pre-trial motion to preclude the government from introducing proofs of residence, which severely prejudiced [Appellant's] defense and worked to his actual and substantial disadvantage, affecting the entire trial with errors of constitutional dimensions;"

7) "That counsel failed to offer evidence of [Appellant's] reasonable expectation of privacy at trial;"

8) "That counsel failed to photograph the inside and outside of the property to show that others had access to that area of the yard, as the codefendant testified when asked, that there are several windows looking out into this area;"

9) "That Agent Hasara testified it appeared to him that [Appellant] had just been moving into that room;"

10) "That counsel rendered ineffective assistance in failing to adequately communicate with [Appellant] before trial;"

11) "Counsel rendered ineffective assistance by failing to establish [an] expectation of privacy in the 1925(b) statement."

Appellant's *Pro Se* PCRA Petition, 11/23/18, at 3-5 (some capitalization omitted).

The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended PCRA petition on Appellant's behalf. Within the amended petition, counsel repeated some of the claims Appellant raised in his initial, *pro se* petition and counsel raised a number of additional ineffective assistance of counsel claims. **See** Amended PCRA Petition, 8/1/19, at 3-4.

On February 6, 2020, the PCRA court notified Appellant that it intended to dismiss his petition in 20 days, without holding a hearing, as it concluded that the claims in the petition were meritless. Trial Court Order, 2/6/20, at 1; **see also** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on March 3, 2020. PCRA Court Order, 3/3/20, at 1.

On April 29, 2020, Appellant filed a *pro se* notice of appeal and accompanied this notice with a statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).[1] Appellant raised the following claims in his Rule 1925(b) statement:

> [1.] The [PCRA] court abused its discretion in finding no merit to the claims raised in the PCRA petition, and denying the petition without a hearing, where trial counsel failed to conduct a reasonable pretrial investigation, and filed a motion to suppress key evidence (taken from [Appellant's] pockets inside the residence where [Appellant] was present, that established a reasonable expectation of privacy).
>
> [2.] The [PCRA] court abused its discretion in finding no merit to the claims raised in the PCRA petition, and denying the petition alleging trial counsel's ineffectiveness without a hearing, insofar as [Appellant] claimed in his PCRA petition

---

[1] On March 16, 2020, the Pennsylvania Supreme Court declared a general, statewide judicial emergency because of the coronavirus that causes COVID-19. *In re: General Statewide Judicial Emergency*, 228 A.3d 1281 (Pa. 3/16/20) (*per curiam*). In its subsequent orders, the Supreme Court expanded the scope and extended the length of the judicial emergency. Further, as is relevant to the case at bar, the Supreme Court generally suspended "all time calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines." *See In re: General Statewide Judicial Emergency*, 228 A.3d 1283 (Pa. 3/18/20) (*per curiam*). As to the general suspension of time calculations and deadlines, on April 28, 2020, the Supreme Court ordered: "legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by close of business on May 11, 2020." *In re: General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. 4/28/20) (*per curiam*) (emphasis omitted).

The trial court dismissed Appellant's petition on March 3, 2020. Thus, in the absence of the general, statewide judicial emergency, Appellant's notice of appeal would have been due on or before April 2, 2020. *See* Pa.R.A.P. 903(a). However, the Pennsylvania Supreme Court's April 28, 2020 order extended Appellant's filing date to May 11, 2020; and, since Appellant filed his notice of appeal on April 29, 2020, Appellant's notice of appeal is timely.

that [trial counsel] failed to object at trial to the witnesses['] testimony, that [Appellant's] window was the only window facing the area where drugs were found outside the residence, (photos of the property would have disproved this, as well as the [officers'] inconsistent testimony that [Appellant] was in the third floor and second floor bedroom, or an interview before trial, or questions at trial to this witness) who testified, a simple question from counsel as to who else had access to this area would have raised a reasonable doubt as to [Appellant's] culpability, since the affidavit in support of the search warrant authorizing the search did not set forth probable cause to search the residence as the facts known to the issuing authority did not establish that it was more likely than not or probable that contraband or evidence of a crime was located in the property searched, because the items sought in the warrant were not contraband or evidence of criminal activity.

[3.] The [PCRA] court abused its discretion in finding no merit to the claims raised in the PCRA petition, and denying the petition alleging trial counsel's ineffectiveness without a hearing, where court-appointed PCRA counsel failed to present any of [Appellant's] meritorious claims with argument or analysis which constituted deficient performance under the first prong of **Strickland v. Washington**[, 466 U.S. 668 (1984)] analysis – meaning that PCRA counsel's representation fell below an objective standard of reasonableness. Relief is unavailable for undeveloped claims with insufficient argument which is the functional equivalent of no argument at all.

[4.] The [PCRA] court abused its discretion in finding no merit to the claims raised in the PCRA petition, and denying the petition alleging trial counsel's ineffectiveness without a hearing, where PCRA counsel characterized all of the issues to be presented at an upcoming evidentiary hearing which prompted [Appellant] to file written objections to counsel . . . and then to the court. . . . [Appellant] also wrote a letter to Judge Kennedy [] that was not docketed, and a motion to the court [], requesting that the court remove counsel and appoint new counsel. A lawyer performs deficiently when there is simply no basis to believe that counsel's failure to argue the issue on appeal was a strategic choice. PCRA counsel did not appropriately discharge his obligation to review the entire case file and effectively communicate with [Appellant] considering counsel's caseload. [PCRA counsel] never met with [Appellant], never asked any questions, never explored what [Appellant] meant or what he intended with the *pro se* PCRA petition, and never followed up with [Appellant] or [Appellant's] wife, who reached out on [Appellant's] behalf.

[5.] The [PCRA] court abused its discretion in finding no merit to the claims raised in the PCRA petition, and denying the

petition alleging trial counsel's ineffectiveness without a hearing, where [Appellant] not only filed objections to counsel's amended PCRA petition paragraph by paragraph, but wrote directly to the court about counsel's representation and interpretations of the issues presented in the amended PCRA petition, that did not contain everything needed to challenge trial counsel's representations. [Appellant] informed the court that there was a conflict of interest, and that PCRA counsel's amended petition is so incomplete that any sort of relief relative to those issues could be seriously compromised, and none of the issues raised were preserved by trial or PCRA counsel who are ineffective as a result, specifically the insufficiency of the evidence claim that was conflated and improper, not preserved by trial counsel.

[6.] The [PCRA] court abused its discretion in finding no merit to the claims raised in the PCRA petition, and denying the petition alleging trial counsel's ineffectiveness without a hearing, where trial counsel failed to object at sentencing to the claims by [the Commonwealth], that while [Appellant] was out on bail in this case, he was arrested for selling firearms in the federal case which is false. [Appellant] was charged with possession of firearms, not charged with or convicted of anything else. That trial counsel failed to properly preserve the IADA violations where no investigation was had into these claims. That [Appellant] was given a state detainer [] while on illegal IADA transfer from FCI Cumberland from 2/19/16 to 4/13/16, with a serious medical condition and without medical clearance, and without notice of his rights or a transfer hearing under the IADA. That trial counsel failed to object at sentencing to false information used by [the Commonwealth] that [Appellant] was convicted of [two] robberies which are [four] point offenses, and the year of custody credit awarded has never been credited to the sentence in any sentencing order by the court.

Appellant's Rule 1925(b) Statement, 4/29/20, at 1-2 (some capitalization omitted).

On May 29, 2020, Appellant's counsel filed an application to withdraw. As a result, this Court remanded the case to the PCRA court and instructed the PCRA court to "conduct an on-the-record determination as to whether Appellant's waiver of counsel is knowing, intelligent and voluntary, pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998)." Order, 6/17/21, at 1.

On November 13, 2020, the PCRA court entered the following order:

> AND NOW, after a hearing held pursuant to [**Commonwealth v. Grazier**], during which the [PCRA] court conducted an on-the-record determination of [Appellant's] voluntariness of waiver of counsel, the court found [Appellant] knowingly, intelligently and voluntarily waived his right to counsel.
>
> IT IS ORDERED AND DECREED, that [Appellant], having made a lawful waiver of his right to counsel, is permitted to proceed *pro se* in the above matter.

PCRA Court Order, 11/13/20, at 1.

Appellant raises one claim in his *pro se* brief:

> Did the PCRA court commit reversible error when it denied Appellant's PCRA petition alleging ineffective assistance of counsel on the basis that his trial attorney failed to seek a plea offer prior to trial?

Appellant's Brief at 3.

Appellant's claim on appeal is waived, as Appellant did not raise the issue in his Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [concise statement of errors complained of on appeal] . . . are waived"); **Commonwealth v. Nobles**, 941 A.2d 50, 52 (Pa. Super. 2008) ("[i]t is of no moment that appellant was not ordered to file a 1925(b) statement. Appellant filed his statement contemporaneously with his notice of appeal. Accordingly, there was no need for the trial court to order him to file a 1925(b) statement. If we were to find that because he was not ordered to file a 1925(b) statement, he has not waived the issues he neglected to raise

in it, we would, in effect, be allowing appellant to circumvent the requirements of the Rule") (quotations and citations omitted).

Moreover, even if Appellant had not waived his claim, the claim fails on its merits.

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." **Commonwealth v. Cousar**, 154 A.3d 287, 296 (Pa. 2017) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a

reasonable probability that the outcome of the challenged proceedings would have been different.

***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. ***See Commonwealth v. Jones***, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Id.***

Appellant claims that his trial counsel was ineffective because counsel failed to seek a plea offer from the Commonwealth. Appellant's Brief at 5. According to Appellant:

> Prior to trial in this case, Appellant, who was seriously ill and required surgery, expressed to his trial attorney that he didn't

believe he could physically sit through a trial, and that he had a desire to accept responsibility for his conduct and accept punishment for that conduct.

In keeping with Appellant's thoughts, he directed trial counsel to approach the Commonwealth to seek a plea offer. On at least two occasions, prior to the trial, Appellant would make this request, to no avail.

Had trial counsel approached the Commonwealth for a plea offer, there is a substantial likelihood that one would have been extended . . . and that offer would have resulted in a substantially lesser prison term than the one imposed after [the] trial.

Appellant's Brief at 4-5.

Appellant's claim fails. Certainly, even assuming, *arguendo*, that counsel was ineffective for failing to seek a plea offer, Appellant cannot demonstrate that he was prejudiced by counsel's inaction. **See Commonwealth v. Chmiel**, 889 A.2d 501, 540 (Pa. 2005) ("we need not determine whether the first two prongs of [the ineffective assistance of counsel] standard are met if the record shows that [a]ppellant has not met the prejudice prong"). At the outset, there is no evidence that the Commonwealth was willing to extend a plea offer to Appellant. **See** Commonwealth's Brief at 9 ("[Appellant] has not shown that the Commonwealth would have offered a plea bargain"); **see also Weatherford v. Bursey**, 429 U.S. 545, 561 (1977) ("there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial"). Further, it is utter speculation for Appellant to declare that the hypothetical plea offer "would have resulted in a substantially lesser prison term than the one

imposed after [the] trial." **See** Appellant's Brief at 5. And, as our Supreme Court has held: "[c]laims of ineffective assistance of counsel that are based on speculation and conjecture do not adequately establish the degree of prejudice necessary; namely, that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different." **Commonwealth v. Pursell**, 724 A.2d 293 (Pa. 1999).

Therefore, even if Appellant had not waived his claim on appeal, the claim fails on its merits.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/21