J-S31022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN D. HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 1938 EDA 2021 |

Appeal from the PCRA Order Entered September 1, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000447-2018

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED DECEMBER 13, 2022**

Appellant Juan D. Hernandez appeals from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant argues that plea counsel's ineffectiveness caused him to enter an involuntary and unknowing guilty plea. Appellant also contends that the trial court lacked jurisdiction, that his guilty plea was unlawfully induced, and that the PCRA court erred in dismissing his petition without a hearing. We affirm.

We adopt the PCRA court's summary of the factual and procedural history of this matter. **See** PCRA Ct. Op., 4/1/22, at 1-3. Briefly, Appellant was charged with attempted murder, aggravated assault, possession of an instrument of crime, simple assault, and recklessly endangering another

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

person following an incident that occurred in 2018.[2] Appellant entered an open guilty plea to attempted murder on July 22, 2019. The Commonwealth *nolle prossed* the remaining charges. On November 26, 2019, the trial court sentenced Appellant to a term of fourteen to twenty-eight years' incarceration. Appellant did not file a post-sentence motion nor did he file a direct appeal.

Appellant filed a timely *pro se* PCRA petition on August 20, 2020. The PCRA court appointed counsel who subsequently filed an amended petition on Appellant's behalf. On July 12, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition as meritless. Appellant did not file a response. The PCRA court issued an order dismissing Appellant's petition on September 1, 2021.

On September 21, 2021, Appellant filed a timely notice of appeal and a Pa.R.A.P. 1925(b) statement.[3] The PCRA court filed a Rule 1925(a) opinion addressing Appellant's issues.

---

[2] 18 Pa.C.S. §§ 901(a), 2502, 2702(a), 907(a), 2701(a), and 2705, respectively.

[3] The PCRA court did not order Appellant to file a Rule 1925(b) statement. This Court has held that when an appellant files a Rule 1925(b) statement before the trial court orders one, "there is no need for the trial court" to request one. **Commonwealth v. Nobles**, 941 A.2d 50, 52 (Pa. Super. 2008). However, if the appellant fails to include a claim in a voluntarily filed Rule 1925(b) statement, that claim is waived on appeal. **See id.** As the **Nobles** Court reasoned, this Court will not encourage "'sandbagging' by counsel if they are allowed to quickly file a Rule 1925(b) statement and then claim that nothing is waived because the Rule 1925(b) statement was not in response to a formal request." **Id.** (noting that the Commonwealth's voluntary filing of an unrequested Rule 1925(b) statement, which failed to specify a challenge
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issue:

Was the PCRA court's [finding correct] that [Appellant's] claims in his PCRA petition were without [merit], [and that] no evidentiary hearing was required prior to dismissing Appellant's PCRA petition?

Appellant's Brief at 3 (unpaginated).[4]

**Jurisdiction**

Appellant first argues that he is entitled to PCRA relief under 42 Pa.C.S. § 9543(a)(2)(viii) because the trial court lacked both subject-matter and personal jurisdiction.[5]  Appellant's Brief at 5, 11-12 (unpaginated).  In support, Appellant argues that there was no testimony or evidence establishing a *corpus delecti* and that, as a result, "the jurisdiction of the trial court was not established."  *Id.* at 10 (unpaginated).  Therefore, Appellant

_____

concerning the trial court's error in considering a motion to compel raised by the defendant in the middle of trial, required waiver of that challenge).

[4] Appellant presents a single question in his statement of the questions involved, which we analyze as four distinct issues.

We also note that Appellant has not divided his argument into separate sections.  *See* Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued").  We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because the noncompliance does not impede our review, we decline to find waiver on this basis.  *See, e.g., Commonwealth v. Levy*, 83 A.3d 457, 461 n.2 (Pa. Super. 2013).

[5] Appellant did not raise this claim in his Rule 1925(b) statement.  However, it is well settled that "[a]n objection to lack of subject matter jurisdiction can never be waived . . . ."  *Commonwealth v. Jones*, 929 A.2d 205, 208 (Pa. 2007) (citation omitted).

concludes that the PCRA court erred in denying his petition without a hearing. *Id.* (unpaginated).

A guilty plea "constitutes a waiver of jurisdiction over the person of the defendant." *Commonwealth v. Little*, 314 A.2d 270, 272 (Pa. 1974). However, subject matter jurisdiction cannot be waived. *Id.* at 272-73; *see also Jones*, 929 A.2d at 208. Whether a court has subject matter jurisdiction is a question of law and, therefore, our standard of review is *de novo*. *Jones*, 929 A.2d at 211.

There are two requirements for subject matter jurisdiction as it relates to criminal defendants: 1) the competency of the court to hear the case; and 2) the provision of specific and formal notice to the defendant of the crimes charged. *Id.* at 211 (citation omitted). "[A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code[.]" *Id.* at 210 (citation omitted); *see also Commonwealth v. Kohler*, 811 A.2d 1046, 1050 (Pa. Super. 2002) (reiterating that "a county court of common pleas has jurisdiction over offenses that take place within its borders") (citation omitted).

The *corpus delicti* rule is an evidentiary requirement that "places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted." *Commonwealth v. Murray*, 174 A.3d 1147, 1154 (Pa. Super. 2017) (citation omitted).

Here, Appellant raises the *corpus delicti* rule in support of his jurisdictional claims. However, *corpus deliciti* relates to the Commonwealth's burden of proof, rather than the trial court's jurisdiction.[6] ***See id.*** In any event, our review of the record confirms that Appellant's jurisdictional claims are meritless. Appellant was charged with violations of the Pennsylvania Crimes Code that occurred in Philadelphia and also received specific and formal notice of the charges when the Commonwealth filed the criminal information and criminal complaint. Therefore, the Philadelphia County Court of Common Pleas had subject-matter jurisdiction over Appellant's case. ***See Jones***, 929 A.2d at 211; ***Kohler***, 811 A.2d at 1050. Lastly, as stated above, by entering a guilty plea, Appellant waived any challenge to personal jurisdiction. ***See Little***, 314 A.2d at 272. Therefore, Appellant is not entitled to relief on his jurisdictional claims.

**Ineffective Assistance of Counsel**

Appellant argues that plea counsel was ineffective for failing to (1) object to the legality and propriety of the bills of information, (2) object to the trial court's lack of jurisdiction, and (3) raise a double jeopardy claim. ***Id.*** at 8, 10-11 (unpaginated). Appellant contends that plea counsel had no reasonable basis for failing to object to the purportedly defective bills of

---

[6] Furthermore, the *corpus delicti* rule is not applicable to this case because Appellant was not convicted at trial, instead he entered a guilty plea. ***Cf. Murray***, 174 A.3d at 1154 (concluding that trial court did not abuse its discretion in admitting the defendant's statements after the Commonwealth established the *corpus delicti* of the offense).

- 5 -

information and to the trial court's lack of jurisdiction. *Id.* (unpaginated). Finally, Appellant claims that he was prejudiced because if plea counsel had raised these objections, Appellant would not have entered a guilty plea and the results of the proceeding would have been different. *Id.* at 11 (unpaginated).

In reviewing Appellant's claims, we are guided by the following principles:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> \* \* \*
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and some formatting altered). It is well settled that counsel

cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa. Super. 2004) (citation omitted).

> A criminal defendant's right to effective counsel extends to the plea process, as well as during trial. Under the PCRA, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. This is not a stringent requirement. The reasonable probability test refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Brown***, 235 A.3d 387, 391 (Pa. Super. 2020) (citations omitted and formatting altered).

When a petitioner raises counsel's ineffectiveness in connection with a guilty plea, the prejudice requirement is

> similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [the defendant's] decision to plead guilty be knowingly, voluntarily and intelligently made.
>
> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is

established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

***Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001) (citations omitted and formatting altered). We add that a valid guilty plea colloquy inquires into the factual basis for the plea and the nature and elements of the charges. ***See id.***

Before reaching the merits of Appellant's ineffectiveness claims, we must determine whether he has adequately developed these issues for review. This Court has explained that when presenting issues in an appellate brief,

> it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Pa.R.A.P. 2119(a), (b), (c). . . .
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101.

***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (some citations omitted). Claims may be waived under Rule 2119(a) for failure to cite to relevant case law or to otherwise develop issues in a meaningful fashion capable of review. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (indicating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the

issue in any other meaningful fashion capable of review, that claim is waived" (citations omitted)).

Here, although Appellant claims that trial counsel was ineffective, he presents only boilerplate assertions of error and has failed to support his claims with citations to the record. Therefore, because Appellant failed to adequately develop these issues for appellate review, his claims are waived.[7] *See Johnson*, 985 A.2d at 924; *Kane*, 10 A.3d at 331; *see also Brown*, 235 A.3d at 391. Accordingly, no relief is due.

**Guilty Plea**

Appellant also challenges the validity of his guilty plea. In support, Appellant contends that the evidence presented by the Commonwealth during the guilty plea colloquy was insufficient, and that the "patently defective

_____

[7] We note that although Appellant also failed to adequately develop his double jeopardy claim, that issue impacts the legality of sentence and cannot be waived. *See Commonwealth v. Hill*, 238 A.3d 399 (Pa. 2020); *Commonwealth v. Bezick*; 207 A.3d 400 (Pa. Super. 2019). The record reflects that Appellant repeatedly stabbed the victim in the back and the chest, causing serious bodily injury. *See* N.T., 7/22/19, 7-9. A person who has been convicted of attempted murder where serious bodily injury results "may be sentenced to a term of imprisonment which shall be fixed by the court at not more than [forty] years." *See* 18 Pa.C.S. § 1102(c). Instantly, the trial court sentenced Appellant to a term of fourteen to twenty-eight years of incarceration on the single count of attempted murder which did not exceed the statutory maximum sentence for this offense. Accordingly, Appellant's sentence is legal. Further, we agree with the PCRA court that Appellant's double jeopardy claims have no arguable merit. Accordingly, no relief is due.

Likewise, as stated above, the trial court had subject-matter jurisdiction over this matter, and counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Poplawski*, 852 A.2d at 327.

nature of the plea colloquy establishes manifest injustice and allows for withdraw[al] of the plea." Appellant's Brief at 7-8 (unpaginated). Further, Appellant argues that he is innocent, his plea was not voluntary, knowing, or intelligent, and that the facts offered into evidence at the plea hearing did not support the charge[8] to which he pled guilty. *Id.* at 8-9 (unpaginated).

A claim challenging the validity of a guilty plea is cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(iii) (providing that a petitioner is eligible for relief if he can plead and prove his conviction resulted from "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent"). However, Appellant must also establish that this claim has not been "previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). A claim is waived for the purposes of the PCRA when "the petitioner could have raised it but failed to do so before trial, at trial . . . [or] on appeal . . ." 42 Pa.C.S. § 9544(b); *see also Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007) (explaining that the PCRA petitioner's challenge to the validity of his guilty plea was waived because he could have raised that issue on direct appeal but failed to file one).

It is well settled that

---

[8] We note that Appellant argues that the facts presented in the plea colloquy did not establish that he committed robbery. Appellant pleaded guilty to attempted murder, not robbery. *See* Written Guilty Plea Colloquy, 7/22/19, at 1.

- 10 -

a defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. . . .

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations omitted and formatting altered). "In order to preserve an issue related to a guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017) (citations omitted and formatting altered). Pennsylvania Rule of Criminal Procedure 720 requires that a defendant file a post-sentence motion within ten days of sentencing and specify the grounds for relief. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i), (B)(1)(c). The failure to raise an objection that allows the trial court to correct an error at the first opportunity results in waiver. *See Monjaras-Amaya*, 163 A.3d at 469 (concluding that the appellant waived a challenge to his guilty plea because he raised the issue for the first time in a Rule 1925(b) statement).

Instantly, Appellant did not challenge the validity of his guilty plea at sentencing, nor did he file a post-sentence motion or a direct appeal. Therefore, his challenge to the validity of his guilty plea is waived. *See Turetsky*, 925 A.2d at 879; 42 Pa.C.S. §§ 9543(a)(3), 9544(b). In any event, the record confirms that Appellant participated in a plea colloquy which

- 11 -

demonstrates that he understood the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. *See* N.T., 7/22/2019, at 3-6; Written Guilty Plea Colloquy, 7/22/19, at 1. Therefore, even if Appellant properly preserved this claim, he would not be entitled to relief. *See McCauley*, 797 A.2d at 922.

## Evidentiary Hearing

Finally, Appellant contends that the PCRA court abused its discretion by dismissing his PCRA petition without an evidentiary hearing. Appellant's Brief at 6-13 (unpaginated). Appellant asserts that he is entitled to a hearing to prove his innocence. *Id.* at 12 (unpaginated).

It is well settled that

> [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that that court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted).

Here, the PCRA court addressed Appellant's claim as follows:

> Appellant argued that he was entitled to an evidentiary hearing to prove the validity of his factual and legal claims and that such a hearing was required to decide the merits of Appellant's claims. To the contrary, this [c]ourt was not required to hold an evidentiary hearing prior to dismissing Appellant's PCRA petition, as Appellant failed to present this [c]ourt with the requisite proof that there were any material issues of fact requiring a hearing

- 12 -

pursuant to Pa.R.Crim.P. 908(A)(2). Appellant's claim is thus without merit and no relief is due.

A PCRA court has discretion to dismiss a PCRA petition without an evidentiary hearing if the court "is satisfied that there are no genuine issues concerning any material fact," the Appellant "is not entitled to post-conviction collateral relief," and "no legitimate purpose would be served by further proceedings." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa. Super. 2019). Furthermore, for ineffective assistance of counsel claims, "if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." *Commonwealth v. Baumhammers*, 92 A.[3]d 708, 726-27 (Pa. 2014).

As this [c]ourt has concluded that all of Appellant's claims in his PCRA petition were without merit, no evidentiary hearing was required prior to dismissing Appellant's PCRA petition. This [c]ourt therefore properly dismissed Appellant's PCRA petition and, accordingly, no relief is due.

PCRA Ct. Op. at 7-8.

Following our review of the record, we agree with the PCRA court's conclusion that an evidentiary hearing was unwarranted because Appellant's claims have no arguable merit. Further, Appellant has failed to present any genuine issue of material fact that would entitle him to a hearing. *See Maddrey*, 205 A.3d at 328. Therefore, no relief is due.

For these reasons, we conclude that the PCRA court's determinations are supported by the record and that there was no error of law by the PCRA court in dismissing Appellant's PCRA petition. *See Sandusky*, 203 A.3d at 1043. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2022