J-A22042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTONIO TREVELLE LANKO | : | |
| | : | |
| Appellant | : | No. 1477 WDA 2022 |

Appeal from the PCRA Order Entered December 1, 2022
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0000022-2018

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED:  November 9, 2023**

Appellant, Antonio Trevelle Lanko, appeals *pro se* from the order entered

in the Fayette County Court of Common Pleas, which denied his first petition

filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On

August 7, 2019, a jury convicted Appellant of third-degree murder, receiving

stolen property, possession of a firearm prohibited, firearms not to be carried

without a license, and tampering with physical evidence.  The court sentenced

Appellant on September 26, 2019, to an aggregate term of 31 to 62 years'

imprisonment.  This Court affirmed the judgment of sentence on November

13, 2020, and our Supreme Court denied allowance of appeal on April 20,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

2021. *See Commonwealth v. Lanko*, 242 A.3d 411 (Pa.Super. 2020) (unpublished memorandum), *appeal denied*, ___ Pa. ___, 252 A.3d 1072 (2021).

On January 5, 2022, Appellant timely filed the current PCRA petition *pro se*. The court appointed PCRA counsel, who filed a *Turner*/*Finley*[2] no-merit letter and request to withdraw on October 7, 2022. On October 24, 2022, Appellant filed a *pro se* response. The court issued notice of its intent to dismiss the petition without a hearing on November 8, 2022, pursuant to Pa.R.Crim.P 907, and granted counsel's request to withdraw. On December 1, 2022, the court denied PCRA relief. Appellant timely filed a notice of appeal on December 19, 2022, along with a voluntary Pa.R.A.P. 1925(b) statement.[3]

Appellant raises one issue for our review:

> Was trial counsel ineffective for failing to raise the issue of the misleading jury charge?

(Appellant's Brief at 4).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Parker*, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting

---

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] The court subsequently ordered Appellant to file a Rule 1925(b) statement, and he re-filed the same concise statement.

*Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012).

Appellant argues that trial counsel was ineffective for failing to request a jury instruction on voluntary manslaughter and/or involuntary manslaughter.[4] Appellant asserts that trial counsel's failure to object to the jury charge prevented Appellant from raising an issue challenging the jury instructions on direct appeal. In the absence of such instructions, Appellant insists the jury was bound to convict him of murder. Appellant concludes trial counsel's failure to request a jury charge on voluntary and/or involuntary manslaughter prejudiced him, and this Court must grant a new trial or other

_____

[4] We observe that the court did issue a jury charge regarding involuntary manslaughter. (**See** N.T. Trial, 8/7/19, at 354-56). Trial counsel also requested a charge on voluntary manslaughter, but the court declined to give it where the evidence of record did not support that jury instruction. (**See id.** at 337, 340-41). Nevertheless, trial counsel did not object to the court's failure to issue a voluntary manslaughter instruction at the conclusion of the charge. (**Id.** at 363).

appropriate relief.  We disagree.

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted).  The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail.  *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

As a preliminary matter, we observe that Appellant has not developed his argument adequately on appeal.  Specifically, although Appellant cites general law concerning the ineffective assistance of counsel test and the requirement to preserve a challenge to a jury charge, he does not cite any law regarding voluntary manslaughter or involuntary manslaughter.  Likewise, Appellant fails to explain **how** his claim has arguable merit.  In other words, Appellant does not explain why he would have been entitled to a jury charge

- 4 -

on voluntary manslaughter or involuntary manslaughter based on the facts of his case.

Similarly, Appellant does not explain **why** trial counsel lacked a reasonable basis for failing to request these charges. Instead, Appellant merely states: "Arguable merit can be proven by the reasonable basis of [trial counsel's] inaction." (Appellant's Brief at 10). Thus, Appellant has failed to develop his ineffectiveness claim in a meaningful way on appeal. ***See Commonwealth v. Charleston***, 94 A.3d 1012 (Pa.Super. 2014) (holding appellant's failure to develop argument or present pertinent authority constituted waiver of claim on appeal; appellant failed to develop argument that counsel had no reasonable basis not to request additional jury instruction, or reasonable probability that, but for counsel's alleged unprofessional error in not requesting second instruction, result of proceedings would have been different; this Court shall not develop argument for appellant or scour record to find evidence to support argument). Therefore, Appellant's sole issue on appeal is waived.[5] Accordingly, we affirm.

---

[5] Moreover, Appellant did not mention in his Rule 1925(b) statement trial counsel's alleged ineffectiveness concerning a voluntary manslaughter instruction. Instead, Appellant presented his claim as follows:

> Trial counsel failed to object, and/or raise on appeal, the judge's misleading jury charge, that left jurors to believe that they had no choice but to find [A]ppellant guilty of 3rd degree murder. [A]ppellant is innocent of third degree murder, and involuntary manslaughter was a viable option,

*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


11/9/2023

_____

but the misleading jury charge, led the jury to believe that
it was not [an] option they could receive.

(Rule 1925(b) Statement, filed 12/19/22, at 1). Thus, Appellant's ineffectiveness claim regarding counsel's failure to preserve a claim of error concerning the lack of a voluntary manslaughter instruction is waived on this basis as well. *See Commonwealth v. Nobles*, 941 A.2d 50 (Pa.Super. 2008) (explaining that where appellant files concise statement on his own accord, he is limited on appeal to raising only those issues he presented in his voluntary Rule 1925(b) statement).

Further, we reiterate that the court did issue a jury charge regarding involuntary manslaughter. To the extent Appellant purports to complain that the court's instruction was somehow inadequate, Appellant fails to develop that argument on appeal. *See Charleston, supra*.